No. 205

CONKLIN v. WEBER et

Ohio Appeals, 1st Dist., Butler Co.

No. 335. Decided Dec. 6, 1926

923. PLEADINGS—Evidence must conform to the material allegations of pleadings, and proof of amounts other than those stated in petition are not admissible.

678. JUDICIAL NOTICE—The court does not take judicial notice of what is at issue in other pending actions; same must be pleaded and proved.

PER CURIAM.

The action in the Butler Common Pleas is for damages for breach of warranty. The amount claimed by Otto Weber et. was $1191.18 and interest for which judgment was entered; and to reverse this judgment error was prosecuted.

The facts from Weber's petition disclose that a deed given to them for two parcels of land contained a warranty that the title was clear except for taxes and assessments due June 1925, and a $7,800 mortgage, and further that in truth at the time of conveyance, the title was not clear in that there was a second mortgage to the amount of $1170 with interest of which they had no knowledge at time of conveyance. The prayer is for judgment of $1170, with interest due thereon.

No proof is offeffrffed as to the amount due on the second mortgage except in one place where it was said that counsel could probably agree to the amount as foreclosure suits had been filed. Weber et. did not prove the amount due under these second mortgages, counsel

merely stating said foreclosure suits had been filed. The Court of Appeals held:

1. The court does not take judicial notice of what is in issue in other pending actions and the evidence fails to justify a judgment.

2. Although Weber, et, stated in their petition, that there was a first mortgage of $7800, they introduced evidence at trial that they thought at the time of conveyance that the mortgage was $7000, and we cannot see why such proof was admitted.

3. The deed given at the time of the conveyance stated the first mortgage to be $7800, and a land contract which is in evidence states it to be $7900. It was stated by counsel and agreed by both parties that the amount, at the time of transfer was $6,747.10.

4. No question was raised by the petition as to this first mortgage, nor any relief asked as against any portion of it, nor a reformation of the deed to conform to the contract which was endeavored to be proven at the trial.

5. The judgment, not being sustained by the proof will be reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

(Buchwalter, PJ., Hamilton & Cushing, JJ., concur.)

Attorneys—Clinton D. Boyd, Middleton, for Conklin; Clinton Egbert, Hamilton, for Weber et.